UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHERILYN J. MASSARO,<br><br>　　　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN,<br>　　　　　Defendant. | Case No.: 5:14-cv-00134-PSG<br><br>**ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**<br><br>**(Re: Docket Nos. 18, 21)** |

Plaintiff Sherilyn J. Massaro suffers from a combination of physical and mental impairments, namely back pain, hand pain and difficulty concentrating and getting along with others.[1] The Administrative Law Judge found severe impairments of degenerative disc disease, a history of carpal tunnel syndrome, status post cholecystectomy and post-traumatic stress disorder "established by the medical evidence and . . . caus[ing] significant limitations in the claimant's ability to perform basic work activities."[2] But then the ALJ found insufficient evidence that these impairments were disabling for the purposes of employment as a janitor or agricultural

---

[1] *See* Docket No. 13-3 at 23.

[2] *See id.* at 20.

1
Case No.: 5:14-cv-00134-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

<mark>1</mark> worker.[3] The ALJ based her decision primarily on the "controlling weight" of non-examining

<mark>2</mark> physicians and medical experts Julian Kovowitz, Walter Bell and Martha Goodrich, as she

<mark>3</mark> assigned "little weight" to treating physician Laura Vaughan.[4] Because the ALJ applied

<mark>4</mark> improper legal standards by allocating inappropriate weights to the doctors, and her

<mark>5</mark> determination was not supported by substantial evidence, the court DENIES the Commissioner's

<mark>6</mark> cross-motion, GRANTS Massaro's motion for summary judgment and remands the case.[5]

**I.**

Through its administrative law judges, the Commissioner of Social Security evaluates claims using a sequential five-step evaluation process. In the first step, the ALJ must determine whether the claimant currently is engaged in substantial gainful activity, and if so, the claimant is not disabled and the claim is denied.[6] If the claimant currently is not engaged in substantial gainful activity, the second step requires the ALJ to determine whether the claimant has a "severe" impairment or combination of impairments that significantly limits the claimant's ability to do basic work activities; if not, the ALJ finds the claimant "not disabled" and the claim is denied.[7] If the claimant has a "severe" impairment or combination of impairments, the third step requires the ALJ to determine whether the impairment or combination of impairments meets or equals an impairment in the listing of impairments.[8] If so, disability is conclusively presumed and benefits awarded.[9]

---

[3] *See id.* at 27.

[4] *See id.* at 24.

[5] *Cf. Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1039-1041 (9th Cir. 2003) (remanding for application the proper legal standard); *Edlund v. Massanari*, 253 F.3d 1152, 1160 (9th Cir. 2001) ("we reverse the . . . denial of benefits because the ALJ failed to apply the correct legal standard in rejecting Dr. Bremer's psychological evaluation").

[6] *See Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir. 1981).

[7] *See id.*

[8] *See* 20 C.F.R. § 404 app. 1.

[9] *See id.*

2
Case No.: 5:14-cv-00134-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the listing, the fourth step requires the ALJ to determine whether the claimant has sufficient "residual functional capacity"[10] to perform his or her past work; if so, the claimant is not disabled and the ALJ denies the claim.[11]  It is the claimant's burden to prove that he or she is unable to perform past relevant work.[12]  If the claimant meets this burden, a prima facie case of disability is established.  The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work,[13] comprising the fifth and final step in the sequential analysis.

"Controlling weight" may only be accorded to the opinion of a "treating source."[14]  The concept of according "controlling weight" to a medical source's opinion is part of the regulations rather than case law, which explicate the assignment of weight to treating physicians as generally

---

[10] A claimant's residual functioning capacity ("RFC") is what the claimant can still do despite existing physical, mental, nonexertional and other limitations. *See Cooper v. Sullivan,* 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[11] *See Drouin v. Sullivan,* 966 F.2d 1255, 1257 (9th Cir. 1992); *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir. 1994).

[12] *See Drouin,* 966 F.2d at 1257.

[13] There are two ways for the Commissioner to meet the burden of showing that there is work in significant numbers in the national economy that the claimant can perform: (1) by the testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. § 404, Subpart P, Appendix 2.  *See Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999).

[14] 20 C.F.R. § 404.1527(c); Social Security Ruling (SSR) 96-2p; SSR 96-5p; SSR 96-8p; SSR 06-03p; *see also Heckler v. Edwards*, 465 U.S. 870, 873, n.3 (1984) (noting binding nature of SSRs); *Holohan v. Massanari,* 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (same); *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 692 n.2 (9th Cir. 1999) (same); *Barnhart v. Walton*, 535 U.S. 212, 219 (2002) (deferring, in part, to the Commissioner's interpretation of a regulation found in an SSR); *Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989) ("An agency's interpretation of its own regulation is controlling unless it is plainly erroneous or inconsistent with the regulation") ; Docket No. 22-1, *Baxley v. Astrue*, Case No. 1:10-cv-830-SEB-TAB, at 9 (S.D. Ind. Aug. 23, 2011) ("The Commissioner concedes that the opinion evidence offered by the nontreating medical experts should not have been characterized by the ALJ as receiving 'controlling weight'").

great, or controlling if warranted.[15]  "Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"[16]; and "[g]enerally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."[17]  An ALJ must adopt the opinion to which "controlling weight" is accorded.[18]

Four and a half years ago Massaro filed a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income.[19]  In both applications, Massaro claimed disability beginning December 14, 2009.[20]  The

---

[15] *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion."); see also 20 C.F.R. § 404.1527(e)(2)(ii) ("Unless a treating source's opinion is given controlling weight"); SSR 96-2p ("Controlling weight. This is the term used in 20 CFR 404.1527(d)(2) . . . to describe the weight we give to a medical opinion from a treating source that must be adopted.") (emphasis in original); SSR 96-5p ("Medical source statements submitted by treating sources provide medical opinions which are entitled to special significance and may be entitled to controlling weight on issues concerning the nature and severity of an individual's impairment(s)."); SSR 96-8p (similar); SSR 06-03p ("only 'acceptable medical sources' can be considered treating sources . . . whose medical opinions may be entitled to controlling weight"); *Garrison v. Colvin*, 759 F.3d 995, 1011-13 (9th Cir. 2014) (noting regulatory "controlling weight" test).

[16] 20 C.F.R. § 404.1527(c)(1).

[17] 20 C.F.R. § 404.1527(c)(2)(i).

[18] *See* 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."); *cf. United States v. Monsanto*, 491 U.S. 600, 607 (1989) (discussing mandatory language in a statute, including the term "will").

[19] *See* Docket No. 13-3 at 18.

[20] *See id.*

4
Case No.: 5:14-cv-00134-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

claims were denied initially, upon reconsideration, following a hearing,[21] and upon administrative appeal for review.[22]

Massaro now requests that this court remand the case back to the Commissioner for further administrative proceedings.[23] The Commissioner requests that the court affirm the ALJ's decision.[24]

## II.

The court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[25] The court finds this motion suitable for disposition on the papers in light of this court's local rules and this court's Procedural Order.[26]

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision denying Massaro her benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.[27] In this context, the term "substantial evidence" means "more than a scintilla but less than a preponderance—it is such relevant evidence a reasonable mind might accept as adequate

---

[21] *See id.*

[22] *See* Docket No. 13-7 at 132.

[23] *See* Docket No. 18 at 1.

[24] *See* Docket No. 21 at 1.

[25] *See* Docket Nos. 5, 10.

[26] *See* Civil L.R. 7–1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call."); Civil L.R. 16-5.

[27] *See Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir. 1995); *Drouin,* 966 F.2d at 1257.

5
Case No.: 5:14-cv-00134-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

to support the conclusion."[28]  When determining whether substantial evidence exists to support the administrative record as a whole, the court must consider adverse as well as supporting evidence.[29]  Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ.[30]  However, a non-examining physician cannot present substantial evidence unless corroborated.[31]  Further, "[i]f additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded."[32]

### III.

Pursuant to 20 C.F.R. §§ 404.1520(a) and 416.920(a), the ALJ conducted the sequential five-step evaluation process for determining whether an individual is disabled.  At step one, she found Massaro had not engaged in substantial gainful activity since December 14, 2009 and met the insured status requirements through December 31, 2014.[33]  At step two, the ALJ found the "medical evidence" "established" that Massaro had the following severe impairments: degenerative disc disease, a history of carpal tunnel syndrome, status post cholecystectomy and post-traumatic stress disorder.[34]

---

[28] *See Moncada,* 60 F.3d at 523; *Drouin,* 966 F.2d at 1257.

[29] *See Drouin,* 966 F.2d at 1257; *Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir. 1989).

[30] *See Moncada,* 60 F.3d at 523; *Drouin,* 966 F.2d at 1258.

[31] *See* 20 C.F.R. § 404.1527(d)(4); *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (An opinion by a "non-examining medical expert . . . may constitute substantial evidence when it is consistent with other independent evidence in the record."); *Thomas v. Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record . . . Generally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion.").

[32] *See Lewin,* 654 F.2d at 635.

[33] *See* Docket No. 13-3 at 20.

[34] *See id.*

6
Case No.: 5:14-cv-00134-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

At step three, the ALJ found Massaro did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.[35]   Based on the testimony of Massaro and non-examining physician Kivowitz, the ALJ found that Massaro had mild restriction in activities of daily living and concentration, moderate difficulties in social functioning and one episode of decompensation.[36]   This did not reach the requirement of marked limitation in at least two of those categories.[37]   The ALJ further found the claimant's impairments did not result in a complete inability to function independently outside the area of her home.[38]

At step four, the ALJ found Massaro had the RFC to perform "medium exertional work," except for the inability to have more than occasional contact with coworkers, supervisors and the public.[39]   She found Massaros' claims of intense, persistent and limiting symptoms were not credible to the extent they were inconsistent with her RFC.[40]   She further gave Vaughan's opinions little weight because Vaughan did not do an RFC-specific assessment.[41]   The ALJ finally found Massaro had not been under a disability since December 14, 2009,[42] though she was unable to perform any past relevant work, and that she was capable of employment as a janitor or agricultural worker.[43]

---

[35] *See id.* at 21.  Impairments are listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926), as well as in criteria listings of 12.04, 12.06, 12.08 and 12.09.

[36] *See* Docket No. 13-3 at 21-22.

[37] *See id.* at 22.

[38] *See id.*

[39] *See id.*; Docket No. 21 at 7.

[40] *See* Docket No. 13-3 at 23.

[41] *See id.* at 24.

[42] *See id.* at 27.

[43] *See id.* at 26-27.

7
Case No.: 5:14-cv-00134-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

**IV.**

Having reviewed the ALJ's reasoning, considering adverse as well as reinforcing evidence,[44] the court finds substantial evidence and proper application of law do not support the ALJ's decision.[45]  Because additional proceedings may remedy defects in the original administrative proceedings, and the cumulative error outlined below is not harmless,[46] the case is remanded for further fact finding consistent with the following.[47]

*First*, substantial evidence does not support the ALJ's decision, because even before Massaro's provision of supplemental evidence on appeal, the ALJ applied the evidence inconsistently.  On one hand, the ALJ found Massaro's history of carpel tunnel syndrome was severe.  On the other hand, the ALJ like the vocational expert did not consider the limitations Massaro might have in "handling and fingering."[48]  An ALJ must include any manipulative limitation in her RFC assessment,[49] and account for the combination of a claimant's severe and non-severe impairments,[50] which the ALJ here did not do. There was no vocational evidence that Massaro could work as a janitor or an agricultural worker, given an apparent more-than-minimal limitation in handling and fingering.[51]  The ALJ must assess the evidence consistently.

*Second*, the ALJ erred in her assignment of weight to the doctor's opinions.  In January and March 2010, treating physician Vaughan recorded Massaro's pain, including chronic

---

[44] *See Drouin,* 966 F.2d at 1257; *Hammock,* 879 F.2d at 501.

[45] *See Moncada,* 60 F.3d at 523; *Drouin,* 966 F.2d at 1257.

[46] *See, e.g.,* Docket No. 22-1, *Baxley*, Case No. 1:10-cv-830-SEB-TAB, at 9.

[47] *See Lewin,* 654 F.2d at 635.

[48] *See* 20 C.F.R. § 404.1545(a); SSR 85-15p.

[49] *See* 20 C.F.R. § 404.1545(b).

[50] *See* 20 C.F.R. § 404.1523.

[51] *See* Docket No. 13-3 at 97-100; *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006) (finding the ALJ should have asked a vocational expert about the claimant's hand impairment).

8
Case No.: 5:14-cv-00134-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

bilateral carpel tunnel syndrome, and prescribed a variety of pain killers.[52] In May 2012, Vaughan opined that in addition to other impairments, Massaro had carpal tunnel syndrome and would frequently have pain and other symptoms that were severe enough to interfere with her ability to perform even simple work tasks.[53] It is unclear whether the ALJ considered Vaughan's May 2012 "post-hearing development" assessment as to Massaro's impairments in making her decision.  Regardless, the ALJ erred in assigning "little weight" to Vaughan because according to the ALJ, Vaughan "declined to give an assessment of any of the claimant's specific functional limitations."[54] Although Vaughan may not have volunteered an RFC-ready chart, the ALJ still should have considered the opinions of the sole treating physician.

According to the regulations, "controlling weight" may only be afforded to the opinion of a "treating source"[55]—Vaughan alone.  But the ALJ gave "great" or "controlling weight" to consultative examining physician Wagner, non-examining medical expert Kivowitz, non-examining state agency physician Bell and non-examining state agency physician Goodrich.[56] This was an error the ALJ must correct on remand.

**SO ORDERED.**

Dated: January 8, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[52] *See* Docket No. 13-8 at 5, 8.

[53] *See* Docket No. 13-9 at 57-59.

[54] *See* Docket No. 13-3 at 24; 59-61.

[55] 20 C.F.R. § 404.1527(c); SSR 96-2p ("The opinion must come from a 'treating source," as defined in 20 CFR 404.1502 and 416.902.  Although opinions from other acceptable medical sources may be entitled to great weight, and may even be entitled to more weight than a treating sourc's opinion in appropriate circumstances, opinions from sources other than treating sources can never be entitled to "controlling weight.").

[56] *See* Docket No. 13-3 at 25.

9
Case No.: 5:14-cv-00134-PSG
ORDER GRANTING PLAINTIFF'S AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

United States District Court
For the Northern District of California